UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| BARBARA L. SCHRAMM and STEVEN L. WEINSTEIN, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>JPMORGAN CHASE BANK, N.A. and CHASE HOME FINANCE, LLC,<br><br>Defendants. | Case No.<br><br>CV09-9442-AHM (FFMx)<br><br>[~~PROPOSED~~] PROTECTIVE ORDER<br><br>NOTE CHANGES MADE BY COURT |

This putative class action concerns adjustable rate home mortgages obtained by certain borrowers in California. Such transactions involve the confidential financial information of the Plaintiffs and proprietary information of the Defendants. Furthermore, the claims potentially implicate the methodology by which the Defendants set interest rates on home loans, which methodology may constitute "trade secrets" as defined by California Civil Code section 3426.1.[1] In light of these issues, the Court hereby finds that there is good cause in this case to protect from disclosure certain materials that may be produced in discovery~~, and to seal parts of the record~~. **(FFM)** Accordingly, to protect litigation material properly entitled to be kept confidential, ensure that confidentiality is afforded only to material so entitled, expedite the exchange of litigation material in the above-captioned action (the "Action"), and facilitate the prompt resolution of disputes over confidentiality, it is, pursuant to the Court's authority under Fed. R. Civ. P. 26(c) and with the consent of the parties,

HEREBY ORDERED:

1. <u>Non-disclosure of Confidential Litigation Material</u>. Except with the prior written consent of the party or other person originally designating Litigation Material as Confidential, no Confidential Litigation Material, as defined in paragraph 2(b) of this Order, may be disclosed to any person or used in any manner except as provided herein. Provided, however, that the parties shall confer and propose a separate protective order pursuant to paragraph I.E. of the Court's

---

[1] Cal. Civil Code § 3426.1 provides that trade secret "means information, including a formula, pattern, compilation, program, device, method, technique, or process, that: (1) Derives independent economic value, actual or potential, from not being generally known to the public or to other persons who can obtain economic value from its disclosure or use; and (2) Is the subject of efforts that are reasonable under the circumstances to maintain its secrecy."

standing Order dated April 22, 2008, to govern the handling of Litigation Material designated as Confidential during the trial and post-trial phases of the case in advance of the pretrial conference.

2. <u>Definitions of "Litigation Material" and "Confidential."</u>

(a) <u>As used in this Order, "Litigation Material"</u> means any material produced, filed, or served by, or otherwise obtained from, any party or person during discovery or otherwise in this Action or any information included in any such material. Litigation Material may include, but is not limited to, deposition testimony and transcripts, answers to interrogatories, documents and tangible things produced by a party or person (whether produced pursuant to Fed. R. Civ. P. 34, subpoena, or otherwise), and responses to requests for admission.

(b) <u>As used in this Order, "Confidential" Litigation Material</u> means any Litigation Material that is stamped or labeled "CONFIDENTIAL" in a way that brings its attention to a reasonable examiner. ~~Pleadings, motions, affidavits, briefs, exhibits, and other papers filed with the Court that contain or refer to information contained in Confidential Litigation Material shall be protected as Confidential Litigation Material pursuant to this paragraph 2(b), provided that they are prepared in such a manner that the Confidential information is prominently marked "CONFIDENTIAL" as further specified in paragraph 9~~. **(FFM)**

3. <u>Material Entitled to Confidential Designation</u>.

(a) A party or other person producing or otherwise disseminating Confidential Litigation Material shall designate for Confidential treatment only that Litigation Material that the party or person reasonably believes in good faith contains material or information constituting a trade secret in the possession of such party or person (including trade secrets of clients of that party or person), or confidential research, development, personal, financial, proprietary or commercial information which is not generally disclosed to the public by such party or person and which would result or reasonably could result in detriment to such party or

1  person or to the subject of the information (including clients of the party or person)
2  if disclosure to that party's or person's competitors or other third parties were to
3  occur.
4      (c)    To the extent that a party or person producing or otherwise
5  disseminating Confidential Litigation Material reasonably believes in good faith
6  that only a portion of a document contains such material, the initial page shall be
7  stamped "Confidential Material Within" and only the specific pages that the
8  designating party reasonably believes should be accorded protective treatment shall
9  be so stamped.  The balance of such document shall not be accorded Confidential
10  treatment as defined herein.
11      4.    <u>Use and Disclosure of Confidential Litigation Material</u>.
12      (a)    Except as provided in this Order, Confidential Litigation Material may
13  be disclosed only:
14      (1)    to counsel, including in-house counsel, who are actively
15  engaged in the conduct of this Action on behalf of named parties;
16      (2)    to the partners, associates, and legal assistants of any person
17  described in subparagraph (1), but only to the extent reasonably necessary to
18  render professional services in connection with this Action;
19      (3)    to secretaries and other clerical staff of any person described in
20  subparagraph (1), but only to the extent reasonably necessary to render
21  professional services in connection with this Action, and provided that
22  counsel shall take reasonable precautions to prevent the unauthorized
23  disclosure or use of Confidential Litigation Material by such secretaries or
24  clerical staff;
25      (4)    to any court of competent jurisdiction before which the Action is
26  pending and any court officials involved in this Action (including court
27  reporters or persons operating video equipment at depositions);
28

PROTECTIVE ORDER
CASE NO. CV09-9442-AHM
    3

(5) to any person designated by the Court in the interest of justice, upon such terms as the Court may deem proper;

(6) to witnesses at deposition, but only to the extent reasonably necessary to examine such witnesses at deposition;

(7) to witnesses in preparation for deposition, but only to the extent reasonably necessary to prepare such witnesses for deposition;

(8) to officers, directors, partners, agents, or employees, or other representatives of Plaintiffs Barbara Schramm or Steven Weinstein, or Defendants JPMorgan Chase Bank, N.A. and Chase Home Finance, LLC, or their counsel in connection with this Action;

(9) to outside consultants or experts retained for the purpose of assisting counsel in this Action, provided that such outside consultant or expert is not also a party to other current or anticipated litigation adverse to the party producing the Confidential Litigation Material, or an attorney, law firm, or outside consultant or expert for such a party.

(10) to third-party contractors engaged in one or more aspects of copying, organizing, filing, coding, converting, storing, or retrieving data or designing programs for handling data connected with this Action, including the performance of such duties in relation to a computerized litigation support system, but only to the extent reasonably necessary to render such services, and provided that counsel shall take reasonable precautions to prevent the unauthorized disclosure or use of Confidential Litigation Material by such contractors;

(11) to any other person agreed to in writing by all parties.

(b) <u>Undertaking</u>. Before disclosure of any Confidential Litigation Material is made to any person described in subparagraph (9) of paragraph 4(a) such person shall sign an undertaking in the form attached as Exhibit A to this Order certifying:

        (1)    that the signatory has read, understands, and will abide by the terms of this Order;

        (2)    that the signatory will not disclose the Confidential Litigation Material to any person not authorized by this Order to receive disclosure, or use such material for any purpose other than the conduct of this Action;

        (3)    that the signatory consents to the jurisdiction of the United States District Court for the Central District of California for any action to enforce the provisions of such undertaking; and

        (4)    that the signatory understands that unauthorized disclosure of the Confidential Litigation Material, or the information contained therein, may constitute contempt of court and also may be remedied by money damages and/or injunctive relief.

The undertakings so obtained shall be deemed work product, and the party who obtains them shall retain them during the course of this Action; provided, however, that such undertakings shall be subject to production in any action or proceeding to enforce the terms of this Order or to punish any violation of this Order.

    (c)    If Confidential Litigation Material is disclosed to any person other than in the manner authorized by this Order or subsequent orders, the party responsible for the disclosure shall, immediately upon learning of such disclosure, inform the producing party of all pertinent facts relating to such disclosure and shall make every effort to retrieve the designated material and to prevent the occurrence of any further unauthorized disclosure.

    (d)    Nothing in this Order shall limit or restrict a producing party's rights to use its own Litigation Material or any information obtained independent of discovery in the Action in any manner that the party deems appropriate.

    5.    <u>Confidential Information in Depositions</u>.

PROTECTIVE ORDER
CASE NO. CV09-9442-AHM     5

(a) A deponent may during the deposition be shown, and examined about, Confidential and Litigation Material if the provisions of paragraph 4 are complied with.

(b) Parties and deponents may, within ten (10) days after receiving a transcript of a deposition, designate pages of the transcript (and exhibits thereto) as Confidential to the extent they contain material or information entitled to protection (as defined in paragraph 3 above). Until the expiration of the 10-day period during which designations may be made, the entire deposition will be treated as subject to protection as Confidential under this Order. If a designation is made, the Confidential portions and exhibits, when filed, shall be ~~filed~~ **submitted for filing (FFM)** under seal pursuant to paragraph 9, separate from the portions and exhibits not so marked. If any depositions are videotaped, those portions of the videotape corresponding to portions of the deposition transcript designated as Confidential shall be afforded the same status.

6. <u>Declassification of Confidential Litigation Material</u>.

(a) <u>Motion to strike designation</u>: Any person seeking to challenge the designation of Litigation Material as Confidential may make, in the manner prescribed by Local Rule 37, a motion to strike the designation. Such motion shall identify with specificity the Confidential Litigation Material that is the subject of the motion, but shall not disclose or reveal the contents of that material except in the manner prescribed by paragraph 9 of this Order. If such a motion is made, all Litigation Material so designated shall maintain Confidential status pending a determination by the Court as to its appropriate status. The burden shall be on the party claiming the Confidential designation to establish the grounds for the claimed confidentiality.

(b) <u>Conference Required</u>. In conformance with Local Rule 37-1, any party seeking to challenge another party's designation of Confidential Litigation Material shall, prior to making a motion to strike such designation, contact the party

or person that designated the Litigation Material and make a good faith effort to resolve any dispute concerning the designation by agreement or stipulation.

7. <u>Inadvertent Failure to Designate</u>.  Except as provided in this paragraph, the inadvertent failure to designate particular Litigation Material as "CONFIDENTIAL" at the time of production shall not operate to waive a party's or person's right to later designate such Litigation Material as Confidential.  No party shall be deemed to have violated this Order if, prior to notification of any later designation, such Litigation Material has been disclosed or used in a manner inconsistent with the later designation.  Once such a designation has been made, however, the relevant material shall be treated as Confidential in accordance with this Order; provided, however, that if the Litigation Material that was inadvertently not designated is, at the time of the later designation, filed with a court on the public record, the party or person that failed to make the designation shall move for appropriate relief.

8. <u>Inadvertent Production of Privileged Litigation Material</u>.  A party's or person's inadvertent or mistaken production of Litigation Material that is subject to the attorney-client privilege, the work-product doctrine, or any other applicable privilege or protection from disclosure shall not operate to waive such privilege or protection from disclosure.  Within five (5) days of receiving written notice from the party or person that inadvertently or mistakenly produced the privileged or protected Litigation Material, any party or person with possession, custody, or control of such Litigation Material shall promptly return all copies of such Litigation Material to the party or person originally producing it and shall not use that Litigation Material or the information contained therein for any purpose.  No party shall be deemed to have violated this Order if, prior to notification of such a claim of privilege or protection from disclosure, such Litigation Material has been disclosed or used in a manner inconsistent with the privilege or protection from disclosure.

9. <u>Filing of Confidential Information</u>.  Any Litigation Material designated Confidential, if **desired to be** filed with the Court, or briefs or other documents **desired to be** filed with the Court that make use of Confidential Litigation Material, shall be separately ~~filed~~ **submitted along with an application for filing** under seal in accordance with Local Rule 79-5.1.  ~~A copy of this Order shall be included with the filing~~.  Unless an entire document is entitled to Confidential treatment, the filing party shall also submit a redacted copy blocking out only the Confidential Litigation Material to be entered in the public docket.  If **the Court allows the document to be** filed under seal, the filing shall remain under seal unless otherwise ordered by this Court, or unless all the persons or parties producing the Confidential Litigation Material included or used in the filing consent in writing to its unsealing. **(FFM)**

10. <u>Confidential Litigation Material in Court</u>.  No fewer than thirty (30) days before the date upon which the parties are directed to submit a Joint Pretrial Order in this Action, the parties shall meet and confer to negotiate a proposal for Court approval addressing the treatment of Confidential Litigation Material in trial and post-trial proceedings.  Such proposal shall be submitted to the Court as a part of or contemporaneously with the Joint Pretrial Conference Proposed Order.  To the extent the parties fail to agree on a proposal addressing the use of Confidential Litigation Material in pretrial and trial proceedings, they may submit alternative proposals to the Court.

11. <u>Client Consultation</u>.  Nothing in this Order shall prevent or otherwise restrict counsel from rendering advice to their clients and, in the course thereof, relying generally on counsel's examination of Confidential Litigation Material.

12. <u>Further Requests for Production</u>.  If, at any time, any Confidential Litigation Material in the possession, custody or control of any person other than the person who originally produced such Confidential Litigation Material is subpoenaed or requested by any court or litigant before a court, administrative

PROTECTIVE ORDER
CASE NO. CV09-9442-AHM                     8

agency, legislative body, or other similar judicial, governmental, or regulatory body, the person to whom the subpoena or request is directed ~~(i)~~ shall immediately provide written notice to the person who originally produced the Confidential Litigation Material ~~(ii) shall object in writing to the production of the Confidential Litigation Material on the ground that it is protected by this Order, and (iii) and shall not produce such Litigation Material unless the court, administrative agency, legislative body, or similar judicial, governmental, or regulatory body overrules or denies such objection and orders production of the Confidential Litigation Material notwithstanding this Order~~ **and shall not produce any Confidential Litigation Material prior to the response date specified on the subpoena or other process.** Nothing in this paragraph shall limit or abridge the right of the party or person originally producing the Confidential Litigation Material also to object to the production of such Litigation Material in response to a subpoena or other request. **(FFM)**

13. <u>Miscellaneous</u>.  By this stipulation, no party hereto shall be deemed to have waived its right to assert that any particular material should or should not be accorded Confidential treatment, or should or should not be subject to discovery. The parties intend that this stipulation shall be consistent with the Federal Rules of Civil Procedure.  For purposes of computing any period of time under this Order, the provisions of Fed. R. Civ. P. 6 shall apply.  This stipulation may be executed in counterparts.

14. <u>Termination</u>.  The provisions of this Order shall continue to be binding after final termination of this Action.  Within one hundred twenty (120) days after final conclusion of all aspects of this Action including any appeals, any party or person who received Litigation Material designated for Confidential treatment must, upon the written request of the producing party, (i) return such materials to the person or persons who produced them, or (ii) certify in writing to counsel to the producing party that he or she has destroyed the Confidential Litigation Material

(including material containing information derived from other Confidential information). However, the receiving party shall not be required to return or destroy counsel's copies of exhibits filed under seal with the Court and counsel's file copies of papers prepared in connection with this Action, e.g., pleadings, court papers, and other papers served in the Action.

15. <u>Modification Permitted</u>. Nothing herein shall prejudice the right of the parties to move to amend or modify this Order in the interest of justice.

16. <u>Responsibility of Attorneys</u>. The attorneys of record are responsible for employing reasonable measures to control, consistent with this Order, duplication of, access to, and distribution of copies of Confidential Litigation Material.

17. <u>Additional Parties</u>. The terms of this Order shall be binding upon all current and future parties to this Action and their counsel. Within ten (10) days of (i) the entry of an appearance by a new party to this Action, including any new plaintiff, defendant, third-party defendant, or absent class member that elects to appear or to intervene in this Action, or (ii) the transfer of a complaint that arises out of the same facts alleged in the Complaint, plaintiff's lead counsel shall serve a copy of this Order on such party's counsel.

18. <u>Application to Non-Parties</u>. Non-parties producing Litigation Material or giving deposition testimony in this Action may avail themselves of the Confidential treatment provided for in this Order for their testimony and Litigation Material by following the procedures provided herein.

SO ORDERED this 9th day of March, 2011.

   /S/ FREDERICK F. MUMM
HON. FREDERICK F. MUMM
United States Magistrate Judge

# Exhibit A

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| BARBARA L. SCHRAMM and STEVEN L. WEINSTEIN, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>JPMORGAN CHASE BANK, N.A. and CHASE HOME FINANCE, LLC,<br><br>Defendants. | Case No. CV09-9442-AHM<br><br><br><br><br><br>Hon. A. Howard Matz |

## ACKNOWLEDGEMENT AND CONSENT

I hereby certify that: (i) I have read the Protective Order (the "Order") that has been entered by the Court in this action (the "Action"), and I understand and will abide by its terms; (ii) I understand that Litigation Material designated as Confidential under the Order is being provided to me pursuant to the terms of the Order; (iii) I agree to be fully bound by the provisions of the Order, including its provisions restricting disclosure of material designated as Confidential under the Order and limiting the use of such material to the conduct of the Action; (iv) I hereby submit to the jurisdiction of the United States District Court for the Central District of California for purposes of enforcement of the Order; and (v) I understand that violation of the Order is punishable by contempt of Court and also may be remedied by money damages and/or injunctive relief.

Dated: _____     Signature: _____