UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| Case No. | LA CV09-09442 JAK (FFMx) | Date | May 22, 2013 |
|---|---|---|---|
| Title | Barbara L. Schramm, et al. v. JPMorgan Chase Bank, N.A., et al. | | |

| Present: The Honorable | JOHN A. KRONSTADT, UNITED STATES DISTRICT JUDGE |
|---|---|
| Andrea Keifer | Not Reported |
| Deputy Clerk | Court Reporter / Recorder |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendant: |
| Not Present | Not Present |

**Proceedings:** **(IN CHAMBERS) ORDER GRANTING PLAINTIFFS' MOTION TO ALTER, AMEND, VACATE, OR SET ASIDE JUDGMENT (DKT. 178)**

I.  **Introduction**

On October 30, 2009, Plaintiffs, Barbara Schramm ("Schramm") and Steven Weinstein ("Weinstein") brought a putative class action against Defendants JPMorgan Chase Bank, N.A. and Chase Home Finance, LLC ("Chase" or "Defendant"). Compl., Notice of Removal, Exh. A, Dkt. 1. Plaintiffs' First Amended Complaint advanced seven causes of action, including one for restitution and injunctive relief pursuant to Cal. Bus. & Prof. Code § 17200 (the "UCL claim"). Dkt. 22. On December 19, 2011, the Court granted Defendant's motion for judgment on the pleadings as to the UCL claim. Dkt. 120. The Court concluded that, absent a contrary decision by the California Supreme Court, and notwithstanding a split between two districts of the California Court of Appeals on the issue, it was bound by the Ninth Circuit's decision in *Karl Storz Endoscopy-America, Inc. v. Surgical Technologies, Inc.*, 285 F.3d 848, 853 (9th Cir. 2002), which stated that the discovery rule was inapplicable to a UCL claim. *Id.* The Court allowed leave to amend to allege a basis for tolling the statute of limitations. *Id.* Upon amendment, Plaintiffs failed to plead a basis for the application of any tolling or estoppel doctrine; accordingly, the UCL claim was dismissed with prejudice on August 16, 2012. Dkt. 156.

In December 2011, the Court declined to stay the case pending the outcome in *Aryeh v. Canon Business Solutions, Inc.*, Case No. S184929, because of the uncertainty regarding the timeframe for the issuance of that decision. Dkt. 120. In December 2012, the Court declined a second motion to stay the case pending the outcome of that decision both because it was uncertain whether the California Supreme Court would address the discovery rule, and because, if *Aryeh* were resolved in a manner that affected Plaintiffs' UCL claim, Plaintiffs would not be materially prejudiced by either raising the issue on appeal or having the claim reinstated if a final judgment had not been reached. Dkt. 173. On December 21, 2012, the Court granted Defendant's motion for summary judgment on the sole remaining claim. *Id.* Judgment was entered on January 15, 2013. Dkt. 175.

On January 24, 2013, the California Supreme Court issued its decision in *Aryeh*. 55 Cal. 4th 1185, 1190 (2013). It concluded that "the UCL is governed by common law accrual rules to the same extent as any other statute." *Id.* at 1196.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| Case No. | LA CV09-09442 JAK (FFMx) | Date | May 22, 2013 |
|---|---|---|---|
| Title | Barbara L. Schramm, et al. v. JPMorgan Chase Bank, N.A., et al. | | |

On February 11, 2013, Plaintiffs moved to vacate the judgment based on an intervening change of law (the "Motion"). Dkt. 178. The Court considered the matters raised with respect to the Motion, concluded that the matter could be decided without oral argument, and took the Motion under submission. Dkt. 186. For the reasons stated in this Order, the Motion is GRANTED.

II.     **Analysis**

    A.     **Legal Standard**

Rule 59(e) provides an efficient mechanism by which a trial judge may alter, amend, or vacate a judgment without implicating the appellate process. *Clipper Exxpress v. Rocky Mountain Motor Tariff Bureau, Inc.*, 690 F.2d 1240, 1249 (9th Cir. 1982). Rule 59(e) is an "extraordinary remedy which should be used sparingly." *Allstate Ins. Co. v. Herron*, 634 F.3d 1101, 1111 (9th Cir. 2011) (citations omitted). A Rule 59(e) motion may be granted "if the amendment is justified by an intervening change in controlling law." *Id.*

    B.     **Application**

The Ninth Circuit's interpretation of California law is "only binding in the absence of any subsequent indication from the California courts that [its] interpretation was incorrect." *Owen By & Through Owen v. United States*, 713 F.2d 1461, 1464 (9th Cir. 1983). Further, federal courts are "bound to follow the considered dicta as well as the holdings of the California Supreme Court when applying California law." *Aceves v. Allstate Ins. Co.*, 68 F.3d 1160, 1164 (9th Cir. 1995). *Aryeh* involved a different accrual rule than the discovery rule; however, the basis for its holding applies with equal force to the discovery rule. 55 Cal. 4th at 1196 ("the UCL is governed by common law accrual rules to the same extent as any other statute"). Further, *Aryeh* leaves little, if any, doubt that the California Supreme Court has concluded that the discovery rule applies to the UCL, notwithstanding that its statements are dicta. *Id.* at 1194, n.4 (stating that a case "misstated California law" when it "categorically foreclosed application of the accrual exception there at issue (the discovery rule)" and noting that *Karl Storz*'s assertion regarding the inapplicability of the discovery rule to a UCL claim "offered only an ipse dixit, with no reasoning to support its construction of California law"). Accordingly, there has been an intervening change in controlling law that warrants vacating the judgment and reinstating Plaintiff's UCL claim. Reinstating this claim and having it be adjudicated before an appeal is taken as to the entire action best promotes judicial efficiency.

III.    **Conclusion**

For the foregoing reasons, the Court GRANTS the Motion and vacates the judgment. Parties shall meet and confer and, on or before May 30, 2013, file a proposed schedule of pre-trial and trial dates in the

///

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| Case No. | LA CV09-09442 JAK (FFMx) | Date | May 22, 2013 |
|---|---|---|---|
| Title | Barbara L. Schramm, et al. v. JPMorgan Chase Bank, N.A., et al. | | |

form contained in the Court's standing orders together with their collective and/or respective views as to any scheduling issue(s). A scheduling conference is set for June 17, 2013, at 1:30 p.m.

**IT IS SO ORDERED.**

: 

Initials of Preparer   ak